**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---

**MANUEL A. PEREZ VELAZCO**,

vs.

**MARKWAYNE MULLIN**, Secretary, U.S. Department of Homeland Security (DHS); **JOSEPH B. EDLOW**, Director, U.S. Citizenship and Immigration Services (USCIS); **TODD M. LYONS**, Acting Director, U.S. Immigration and Customs Enforcement (ICE); **RODNEY S. SCOTT**, Commissioner, U.S. Customs and Border Protection (CBP); **MATTHEW S. DAVIES**, Executive Director of Admissibility and Passenger Programs, U.S. Customs and Border Protection (CBP); **JOHN A. CONDON**, Acting Executive Associate Director, Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE),

      Defendants.

CASE NO.

---

**COMPLAINT FOR MANDAMUS, APA JUDICIAL REVIEW**
**AND DECLARATORY RELIEF**

**COMES NOW** Plaintiff, MANUEL A. PEREZ VELAZCO , by and through undersigned counsel, respectfully submits the instant Complaint for Mandamus, 28 U.S.C. §§ 1361, 1651, APA Judicial Review, 5 U.S.C. § 702 *et seq.*, and Declaratory Relief, 28 U.S.C. § 2201, in combination with federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff hereby challenges the U.S. Department of Homeland Security (DHS), including its agencies Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP), for their failure to issue a humanitarian parole pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). In support thereof, Plaintiff respectfully states the following:

1

## INTRODUCTION

1. This action seeks declaratory and mandatory relief to force the Defendants to issue a humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A) after being wrongfully processed by immigration officials upon his entrance to the United States. Plaintiff is (1) a Cuban national; (2) who was an applicant for admission; (3) and was detained before the issuance of a warrant while arriving in the United States, whether or not at a port of entry; and (4) subsequently released under 8 U.S.C. § 1226.

2. The opinion published by the Board of Immigration Appeals (BIA) in *Matter of Q. Li* 29 I&N Dec. 66 (BIA 2025) provides that Plaintiff, as defined in paragraph 1, should have been issued a humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A) upon his release from detention.

3. The issuance of such parole would make Plaintiff eligible for adjustment of status under the Cuban Adjustment Act (CAA) of 1966 (Pub. L. No. 89-732, 80 Stat. 1161, codified at 8 U.S.C. § 1255).

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the federal question jurisdiction, 28 U.S.C. §1331, in combination with the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. *See Califano v. Sanders*, 430 U.S. 99 105-107 (1977); *see also Mejia Rodriguez v. United States Dep't of Homeland Sec.*, 562 F.3d 1137, 1142-44 (11th Cir. 2009).

5. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C.§ 702(A).

6. For the purposes of 5 U.S.C. § 704, Plaintiff lacks any statutorily, regulatory, or administrative remedy. Therefore, the instant suit is properly filed since Plaintiff does not have any administrative remedy available to redress her injury. 5 U.S.C. § 704 ("[a]gency action made reviewable by status and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

7. This Court can set aside agency actions found to be "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(1), (2)(A). The Defendants' actions at issue herein were not with accordance of the laws set in the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1104-1401.

8. Pursuant to 28 U.S.C. § 2201, this Court may, in the case of actual controversy, "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201.

9. Pursuant to 28 U.S.C. § 1361, Action to Compel an Officer of The United States to Perform His Duty, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

10. Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(e)(1) in that this is an action against U.S. officers in their official capacity brought in the district where a substantial part of the event and/or omissions giving rise to Plaintiff's claims have occurred, and where Plaintiff resides as no real property is involved in this action. 28 U.S.C. §§ 1391(e)(1)(B).

[SPACE LEFT INTENTIONALLY BLANK]

3

**PARTIES**

11. Plaintiff, Manuel A. Perez Velazco, was born on February 2, 1994, and is a native and citizen of Cuba currently residing in Miami, Florida.

12. Defendant, Markwayne Mullin, Secretary of the Department of Homeland Security (DHS), is charged with administering and enforcing the laws governing immigration and naturalization. Defendant is sued in his official capacity.

13. Defendant, Joseph B. Edlow, is the Director of United States Citizenship and Immigration Services (USCIS) of the Department of Homeland Security (DHS). She is sued in her official capacity based upon her responsibility to administer and enforce the laws relating to immigration and naturalization in the United States.

14. Defendant, Todd M. Lyons, is the Acting Director of United States Immigration and Customs Enforcement (ICE), a component agency of DHS responsible for enforcing immigration laws and facilitating removal proceedings. He is sued in his official capacity.

15. Defendant, Rodney S. Scott, is the Commissioner of United States Customs and Border Protection (CBP), a component agency of DHS responsible for the inspection and processing of individuals at U.S. ports of entry. He is sued in his official capacity.

16. Defendant, Matthew S. Davies, is the Executive Director of Admissibility and Passenger Programs at CBP, overseeing entry procedures and programs for noncitizens. He is sued in his official capacity.

17. Defendant, John A. Condon, is the Acting Executive Associate Director of Homeland Security Investigations (HSI), a division within ICE responsible for investigating violations of immigration and customs laws. He is sued in his official capacity.

## FACTS AND PROCEDURAL HISTORY

18. Plaintiff fled Cuba due to severe persecution stemming from his political opinions, which are in direct opposition to the current government in power. As a result of his political activities and dissent, he faced significant retaliation, including threats to his safety and well-being. His departure from Cuba was not a matter of choice but of survival.

19. Plaintiff arrived in the United States on or about April 1, 2019, at or near an unknown location. He was detained by the Department of Homeland Security (DHS) by a Border Patrol Agent on the same day of his arrival to the United States. *See* Exhibit A.

20. On May 15, 2019, forty-five (45) days after his detention, Plaintiff was issued a post-hoc Form I-200, Warrant for Arrest of Alien.

21. On May 9, 2019, DHS issued and served Plaintiff with Form I-862, Notice to Appear. *See* Exhibit A.

22. On October 15, 2019, DHS issued and served Plaintiff with ICE Form I-352, Immigration Bond, pursuant to 8 U.S.C. § 1226. On the same day, he was released from detention. *See* Exhibit B.

23. An "applicant for admission" is defined, in relevant part, as an alien "who arrives in the United States []whether or not at a designated port of arrival." INA § 235(a)(1), 8

5

U.S.C. § 1225(a)(1). Moreover, applicants for admission "who are not actually requesting permission to enter the United States in the ordinary sense are nevertheless deemed to be 'seeking admission' under the immigration laws." *Matter of Lemus*, 25 I&N Dec. 734, 743 (BIA 2012). The Supreme Court has clarified that nonimmigrants detained shortly after an unlawful entry are in the same position as those seeking admission at a port of entry. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

24. The Department of Homeland Security (DHS) may place aliens arriving in the United States in either expedited removal proceedings under INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), or full removal proceedings under INA §240, 8 U.S.C. § 1229(a).

25. Regardless of the form of removal proceedings in which the noncitizen is placed, the INA mandates detention until removal proceedings have concluded. *See* INA § 235(b)(l)(B)(ii), 8 U.S.C. § 1225(b)(1)(B)(ii); INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A).

26. On the other hand, section 236(a) of the INA, 8 U.S.C. § 1226(a), authorizes DHS to arrest and detain aliens on a warrant pending a decision on their removal from the United States. *Matter of Q. Li*, s 29 I&N Dec. at 69.

27. Unlike aliens detained under section 236(a), aliens arriving in the United States who are detained under section 235(b)(1) or (b)(2) are ineligible for release on bond because both provisions "mandate detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018).

6

28. Noncitizens detained under section 236(a) may be eligible for discretionary release on bond or conditional parole pursuant to section 236(a)(2) of the INA, 8 U.S.C. § 1226(a)(2)

29. On the other hand, the only exception permitting the release of noncitizens detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), is the parole authority provided by section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). See *Jennings*, 583 U.S. at 300.

30. In a recently published case decided by the Board of Immigration Appeals (BIA), the BIA has determined the following:

> Once an alien is detained under section 235(b), DHS cannot convert the statutory authority governing her detention from section 235(b) to section 236(a) through the post-hoc issuance of a warrant. The Supreme Court has recognized that it would make "little sense" to read section 235(b) and section 236(a) as authorizing DHS to "detain an alien without a warrant at the border" but then requiring DHS "to issue an arrest warrant in order to continue detaining the alien" once removal proceedings have commenced. *Jennings*, 583 U.S. at 302. The regulation implementing DHS' authority to conduct arrests under section 236(a) authorizes a prospective arrest and contemplates that the subject of the warrant has not yet been arrested and taken into custody at the time the warrant is issued. *See* 8 C.F.R. § 236.1(b)(1) (2025). Indeed, the Supreme Court has recognized that a warrant issued under section 236(a) is one "leading to the alien's arrest." *Jennings*, 583 U.S. at 302

*Matter of Q. Li*, 29 I&N at 69, n.4.

31. Therefore, the BIA in *Matter of Q. Li* recognizes that noncitizens, like Plaintiff, arriving in the United States, whether at a POE or not, were subject to detention under INA § 235, 8 U.S.C. § 1225 from the moment they were arrested before the issuance of a warrant. *Id*. The BIA also recognizes that such noncitizens detained

under INA § 235, 8 U.S.C. § 1225 are only eligible for release under the humanitarian parole authority provided by INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

32. Consequently, Plaintiff should have been issued a humanitarian parole upon release from custody. The issuance of the humanitarian parole would allow Plaintiff to obtain legal permanent resident status under the Cuban Adjustment Act (CAA) of 1966 (Pub. L. No. 89-732, 80 Stat. 1161, codified at 8 U.S.C. § 1255 (Cuban nationals who have been inspected and admitted or **paroled** into the United States may apply for adjustment of status to that of a lawful permanent resident after one year of physical presence in the United States).

33. Defendants' own regulation, in its pertinent parts at 8 C.F.R. § 212.5(b), states that, "[t]he parole of aliens within the following groups who have been or are detained in accordance with [8 C.F.R.] § 235.3(b) or (c) of this chapter would generally be justified **only** on a case-by-case basis for "urgent humanitarian reasons" or "significant public benefit[.]"(emphasis added).

   a. 8 C.F.R. § 235.3(c)(1) refers to arriving aliens placed in removal proceedings pursuant to Section 240 of the INA, and states that, "[p]arole of such alien[s] shall only be considered in accordance with [8 C.F.R.] § 212.5(b)[.]"

34. Thus, 8 C.F.R. § 212.5(b) establishes that to release an arriving alien, Defendants may only do so by issuing a humanitarian parole under section 212(d)(5)(A) of the INA, 8 U.S.C. § 182(d)(5)(A).

35. Up to the date of the filing of this complaint, Defendants has not issued Plaintiff a parole.

## COUNT I– MANDAMUS ACTION

36. Plaintiff re-alleges and restates allegations in paragraphs one (1) through thirty-five (35) above as though they were stated herein.

37. Mandamus relief is only appropriate when: (I) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003).

38. Plaintiff is a Cuban national.

39. Plaintiff was an applicant for admission.

40. Plaintiff was detained before the issuance of a warrant while arriving in the United States.

41. Subsequently, Plaintiff was released under parole pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b); and 8 C.F.R. § 208.30(f).

42. Plaintiff was not issued a humanitarian parole form under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

43. Plaintiff has a clear right to the relief requested under INA § 235(b), 8 U.S.C. § 1225(b) and INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). *See Matter of Q. Li*, s 29 I&N Dec. at 69; *see also Jennings*, 583 U.S. at 300 ("With a few exceptions not relevant here, the Attorney General may 'for urgent humanitarian reasons or significant public benefit' temporarily parole aliens detained under [INA §§ 235(b)(1) and (b)(2)] §§1225(b)(1) and (b)(2). 8 U. S. C. §1182(d)(5)(A). That express exception to detention implies that there are no *other* circumstances under which aliens detained under §1225(b) may be released").

44. Moreover, under Defendant's own regulations at 8 C.F.R. §§ 212.5(b); 208.30(f) they have a clear duty to act by giving Plaintiff the humanitarian parole as it was the only remedy available for his release after being placed on expedited removal proceedings.

45. The Plaintiff is entitled to action on his long-pending a humanitarian parole because it is the only form of relief available at his release from ICE Custody from expedited removal proceedings under INA § 235, 8 U.S.C. § 1225.

## COUNT II – ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION

## AGENCY ACTION CONTRARY TO LAW

46. Plaintiff re-alleges and restates allegations in paragraphs one (1) through thirty-five (35) above as though they were stated herein.

47. A court must "hold unlawful and set aside agency action … found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

48. Defendants arrest, detention, and release is contrary to law.

49. Plaintiff was an applicant for admission arriving in the United Sates.

50. Plaintiff was detained first and then issued a warrant post-hoc.

51. Subsequently, Plaintiff was released on bond pursuant to INA § 236.

52. The regulation implementing DHS' authority to conduct arrests under section 236(a) authorizes a prospective arrest and contemplates that the subject of the warrant has not yet been arrested and taken into custody at the time the warrant is issued. See 8

C.F.R. § 236.1(b)(1) (2025). The Supreme Court has recognized that a warrant issued under section 236(a) is one "leading to the alien's arrest." *Jennings*, 583 U.S. at 302.

53. However, DHS may detain aliens arriving, without a warrant, in the United States under INA § 235(b)(1) or (b)(2), 8 U.S.C. § 1225(b)(1) or (b)(2).

54. The only exception permitting the release of noncitizens detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), is the parole authority provided by section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). See *Jennings*, 583 U.S. at 300.

55. Therefore, Plaintiff's arrest and detention under INA § 236 is contrary to law, because the INA required Defendant's to effectuate Plaintiff's arrest and detention under INA § 235, 8 U.S.C. § 1225.

56. As a result, Plaintiff's subsequent release could have only been possible with the issuance of a humanitarian parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

57. Defendants did not issue Plaintiff a humanitarian parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

58. Thus, Defendant's failure to issue Plaintiff a humanitarian parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A) is contrary to law.

## COUNT III – ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION WITHOUT OBSERVANCE OF PROCEDURE REQUIRED BY LAW

59. Plaintiff re-alleges and restates allegations in paragraphs one (1) through thirty-five (35) above as though they were stated herein.

60. A court must "hold unlawful and set aside agency action … found to be … without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

61. Defendants arrest, detention, and release is contrary to law.

62. Plaintiff was an applicant for admission arriving in the United Sates.

63. Plaintiff was detained first and then issued a warrant post-hoc.

64. Subsequently, Plaintiff was released on bond pursuant to INA § 236.

65. The regulation implementing DHS' authority to conduct arrests under section 236(a) authorizes a prospective arrest and contemplates that the subject of the warrant has not yet been arrested and taken into custody at the time the warrant is issued. See 8 C.F.R. § 236.1(b)(1) (2025). The Supreme Court has recognized that a warrant issued under section 236(a) is one "leading to the alien's arrest." *Jennings*, 583 U.S. at 302.

66. However, DHS may detain aliens arriving, without a warrant, in the United States under INA § 235(b)(1) or (b)(2), 8 U.S.C. § 1225(b)(1) or (b)(2).

67. The only exception permitting the release of noncitizens detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), is the parole authority provided by section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A). See *Jennings*, 583 U.S. at 300.

68. As such, Plaintiff's arrest and detention under INA § 236 without observance of procedure required by law because Plaintiff's arrest and detention should have been made under the authority given to DHS by INA § 235, 8 U.S.C. § 1225.

69. As a result, Plaintiff's subsequent release should have been effectuated with the issuance of a humanitarian parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

70. Defendants did not issue Plaintiff a humanitarian parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

71. Thus, Defendant's failure to issue Plaintiff a humanitarian parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A) is without observance of procedure required by law.

## COUNT IV – ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION

## UNREASONABLE DELAY

72. Plaintiff re-alleges and restates allegations in paragraphs one (1) through thirty-five (35) above as though they were stated herein.

73. The APA authorizes suit by any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "Agency action" includes "failure to act." 5 U.S.C. § 551(13). The APA requires agencies to conclude matters "within a reasonable time," and authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1).

74. To be entitled to relief under the APA, a plaintiff must show either that the agency unlawfully withheld action it was required to take, such as when an agency fails to meet a congressionally-set deadline, *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999), or that the agency unreasonably delayed taking "a discrete agency action that it is required to take," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

75. Plaintiff is a Cuban national.

76. Plaintiff was an applicant for admission.

13

77.  Plaintiff was detained before the issuance of a warrant while arriving in the United States.

78. Subsequently, Plaintiff was released under parole pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b); and 8 C.F.R. § 208.30(f).

79. Plaintiff was not issued a humanitarian parole form under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

80. Plaintiff has already waited more than three (3) years for his Parole to be issued pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A) and Defendant's own regulations at 8 C.F.R. § 212.5(b). This is an unacceptable and unreasonable delay.

81. Plaintiff is entitled to action on his long-pending a humanitarian parole because an unreasonable amount of time has passed since his release from ICE Custody from expedited removal proceedings under INA § 235, 8 U.S.C. § 1225. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Individually and on behalf of all others similarly situated, respectfully prays that that this Honorable Court will:

82. Accept jurisdiction over the instant matter;

83. Declare, pursuant to 8 U.S.C. § 1182(d)(5)(A), that Defendants have unreasonably delayed the issuance of Plaintiff's humanitarian parole.

84. Declare that Defendants have acted not in accordance with the law by not issuing Plaintiff a humanitarian parole.

14

85. Declare that Defendants have acted without observance of procedure required by law by detaining Plaintiff under 8 U.S.C. § 1226 with the issuance of a post-hoc warrant and subsequently releasing him on bond pursuant to section 236 of the INA, 8 U.S.C. § 1226.

86. Declare that Plaintiff's arrest and detention should have been made under the authority given to DHS by INA § 235, 8 U.S.C. § 1225. As a result, Plaintiff's subsequent release should have been effectuated with the issuance of a humanitarian parole under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

87. Order, pursuant to 28 U.S.C. §§ 1361, 1651, Defendants to issue Plaintiff humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A).


Respectfully submitted,


s/Eduardo Soto
Eduardo Soto, Esq.
Florida Bar No. 0858609
Eduardo Soto & Associates, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Office: (305) 446-8686
Fax: (305) 529-0445

## **EXHIBIT LIST**

**Exhibit A** – Copy of Plaintiff's Passport

**Exhibit B** – Copy of Plaintiff's Form, I-862, Notice to Appear

**Exhibit C** – Copy of Plaintiff's Form I-362, Bond Hearing

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on March 25, 2026, I electronically filed the foregoing document with the Clerk of Court using PACER. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by PACER or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

s/ Eduardo Soto
Eduardo Soto, Esq.
Florida Bar No. 0858609
Eduardo Soto & Associates, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Office: (305) 446-8686
Fax: (305) 529-0445