**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-22026-BLOOM/Elfenbein

**MANUEL A. PEREZ VELAZCO**,

      Plaintiff,

v.

**SECRETARY, U.S. DEPARTMENT OF**
**HOMELAND SECURITY (DHS)**, *et al.*,

      Defendants.

_____/

## ORDER SETTING DISCOVERY PROCEDURES

**THIS CAUSE** is before the Court following the referral of this action to the undersigned Magistrate Judge for all pre-trial discovery matters.  To facilitate the speedy and inexpensive resolution of this action pursuant to Federal Rule of Civil Procedure 1, it is hereby **ORDERED and ADJUDGED** that the following discovery procedures will apply:

### MEET AND CONFER

Before requesting a discovery hearing, the parties must first confer in a good-faith effort to resolve the dispute in compliance with Local Rule 7.1(a)(3).  Under this Local Rule, counsel must certify that they made good-faith efforts to confer.  An adequate certificate of conference requires at least one personal communication (in person, by videoconference, or by telephone), if not more, between counsel.  The Court cautions counsel that sending an email demanding a response or position on the same day is insufficient to satisfy the conferral obligations under this Local Rule. The Court expects all parties to engage in reasonable compromise to facilitate the resolution of discovery disputes.  As part of their conferral, the parties should specifically discuss each

discovery request and objection at issue before seeking Court intervention. If counsel refuses to participate in a conversation, then the party seeking the hearing ("the moving party") shall state so and outline the efforts made to confer with opposing counsel in the Notice of Hearing, which is explained in paragraph four below.

### DISCOVERY HEARING PROCEDURES

1. **Timing:** Parties must timely raise discovery disputes as required by Local Rule 26.1(g)(2). The Court strictly enforces the Local Rule and interprets the 28-day window as the time during which the parties must make good-faith resolution efforts, subject to the seven-day extension permitted by the Local Rule. Thus, the moving party must seek relief within the period prescribed in Local Rule 26.1(g)(2) by contacting Magistrate Judge Elfenbein's chambers, as explained in paragraph three below. The parties should take note that the Court strictly enforces Local Rule 26.1(d), which requires that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff.

2. **No Discovery Motions:** Except as authorized by the Court, the parties shall not raise any discovery disputes by filing written discovery motions.[1] The Court will strike any motions filed in contravention of these procedures.

3. **Scheduling a Discovery Hearing:** If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party must send an email to Elfenbein@flsd.uscourts.gov, copying all opposing counsel, with the following information: a brief description of the nature of the dispute, at least three dates **within the next fourteen (14) days** when all counsel are available for **an in-person** hearing on the discovery issue (noting

---

[1] The restriction on filing discovery motions does not apply to motions to stay discovery or to motions seeking to modify any discovery deadlines. The parties should file those motions on the docket for the District Judge's consideration.

availability on each date as morning, afternoon, or all day), and the amount of time the parties need for the hearing.  The parties shall refrain from including any argument or background about the discovery dispute in the email to chambers.

4.      **No Virtual Discovery Hearings:** As a default practice, the Court does not allow counsel, parties, or interested non-parties to participate in discovery hearings through remote applications like Zoom.  For that reason, all necessary participants must be available to appear at discovery hearings in person.  If a necessary participant desires to appear at a discovery hearing using Zoom, the participant must get the Court's permission in advance.  The Court will not grant requests to appear by Zoom unless the participant can show good cause for the Court to depart from its default procedure.

5.      **Notice of Hearing:** Within one business day of the Court confirming the date and time for the hearing, the moving party shall file a Notice of Hearing that outlines the discovery matters to be heard.  For example, "the parties dispute the appropriate timeframe for Request for Production Nos. 1-3."  The moving party shall not include any argument in the Notice of Hearing. In addition, the moving party shall include a Certificate of Conference that complies with Local Rule 7.1(a)(3).  If more than one party seeks to enforce a discovery obligation during the same hearing, each party shall file its own individual Notice of Hearing.  Attached to the Notice of Hearing, the moving party shall provide the Court with the following:

A.      **Exhibit A:** A short, proposed order on the issues raised in the Notice of Hearing, setting forth the specific relief requested.  The proposed order shall not contain any legal argument or analysis.

**B.**     **Exhibit B:** A copy of all source materials relevant to the discovery dispute. For example, if the dispute involves answers to interrogatories, the moving party shall provide the interrogatories and answers to interrogatories.

**C.**     **Exhibit C:** Any documents either party (moving and non-moving) intends to rely on at the hearing.

**D.**     **Exhibit D:** A list of citations for any legal authorities either party intends to rely on at the hearing, along with a copy of those authorities.  The parties must **highlight all relevant portions** of their relied-upon legal authorities and must also **provide parentheticals** in the list of citations.  Exhibit D shall not, however, contain any legal argument.

**6.**     **Modification or Cancellation of Hearing:** If the parties wish to add any discovery issues after they have filed the Notice of Hearing, they must get the Court's permission to do so. To obtain the Court's permission, the parties must email chambers at Elfenbein@flsd.uscourts.gov with a brief description of the issues they seek to add and the amount of time they estimate those issues will add to the already-scheduled hearing.  As with the original hearing request, the parties must refrain from including any argument or background about the discovery dispute in the email to chambers.

If the parties resolve all the disputed discovery issues before the hearing date, the parties must email chambers as soon as is practicable to notify the Court that the hearing is no longer needed and must file a Notice of Cancellation.  If the parties resolve some, but not all, of the disputed discovery issues before the hearing date, the parties must email chambers as soon as is practicable with a description of the specific discovery issues that no longer require Court action.

**7.**     **Agreed Orders:** When the parties have stipulated to the entry of an agreed-upon discovery order, such as a standard confidentiality-type of protective order, the parties shall file a

4

joint motion for entry of the stipulated order and attach a copy of the proposed stipulated order as Exhibit A.  Immediately after the parties file the motion, the parties shall email a Word version of the proposed stipulated order to Elfenbein@flsd.uscourts.gov.  The Court does not enter agreed orders extending the due date for discovery responses. Nor does the Court enter orders memorializing discovery agreements between the parties on issues that were not argued to the Court during a hearing.

8.      **Sanctions:** The Court may impose sanctions, monetary or any other type, if it determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification.  *See* Fed. R. Civ. P. 37.

9.      **Encouraging Participation by Less-Experienced Lawyers:** Ordinarily, only one lawyer for each party may argue at the discovery hearing.  Nevertheless, the Court has a strong commitment to supporting the development of our next generation of lawyers.  The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court.  If a lawyer of five (5) or fewer years of experience will be arguing the matter, a party should advise the Court prior to the beginning of the hearing.  In that event, the Court will allow multiple lawyers to argue on behalf of that party.

### GENERAL DISCOVERY PRINCIPLES

The Court strictly enforces the guidelines on discovery objections set forth below, together with the provisions of the Federal Rules of Civil Procedure addressing discovery matters (Rules 26 through 37), and Local Rule 26.1:

**Duty to Comply with Discovery Obligations while Motion to Stay is Pending:** If a Motion to Stay Discovery is filed, Parties must continue to comply with their discovery obligations unless and until the Motion to Stay Discovery is granted.  Parties may not ignore discovery requests

while a Motion to Stay is pending.  *See, e.g.*, *Mad Room, LLC v. City of Miami*, No. 21-23485-CV, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021) ("[Plaintiffs'] Motion to Stay Discovery did not toll the discovery deadlines.  Defendant was required to respond to Plaintiffs' discovery requests in a timely fashion."); *Monks v. Diamond Resorts Int'l, Inc.*, No. 17-14307-CIV, 2018 WL 4208330, at *2–3 (S.D. Fla. May 11, 2018) (noting that a party cannot "engage[] in unilateral 'self-help' by filing [a] motion for a protective order and then refusing to respond to any discovery while [the] motion is pending and the clock runs out" because discovery "may not be stayed absent an order from the District Court"); *Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-CIV, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) (explaining that a party may not "stop complying with its discovery obligations when it files a motion to stay" or "simply ignore its discovery obligations while a motion to stay is pending").

**Relevance and Proportionality:** Rule 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  An objection based on relevance or proportionality must include a specific explanation describing why the requested discovery is not relevant and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

**"Vague, Overly Broad, and Unduly Burdensome":** Parties shall not make conclusory, boilerplate objections. Blanket, unsupported objections that a discovery request is "vague, overly broad, and unduly burdensome" are, by themselves, meaningless, and the Court will disregard

them.  A party objecting on these bases must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.").  If a party believes that a request is vague, the party shall attempt to obtain clarification prior to objecting on this ground.  Sworn testimony or evidence may be necessary to show that a particular request is, in fact, burdensome.  If the Court will hear argument on this objection during the hearing, counsel must be prepared to address why the production would be burdensome with specificity.

**Objections Based on Scope:** If there is an objection based on an overly broad scope, such as timeframe or geographic location, discovery should be provided as to those matters within the scope that are not disputed.  For example, if discovery is sought nationwide for a ten-year period and the responding party objects on the grounds that appropriate discovery encompasses only activities in Florida over a five-year period, the responding party shall provide responsive discovery falling within the five-year period of activity in Florida.

**Formulaic Objections Followed by an Answer:** Parties should avoid reciting a formulaic or "General objections" followed by an answer to the request.  It has become common practice for a party to object and then state that "notwithstanding the above," the party will respond to the discovery request subject to or without waiving such objection.  Such an objection and answer preserves nothing and constitutes only a waste of effort and resources of both the parties and the Court.  Further, such a practice leaves the requesting party uncertain as to whether the question has been fully answered or only a portion of it has been answered.  Rule 34(b)(2)(C) specifically

requires an objection to state whether any responsive materials are being withheld.  As a result, counsel shall include in the answer a clear statement that all responsive documents or information identified have, in fact, been produced or provided or otherwise describe the category of documents or information that has been withheld based on the objection.

**Objections Based on Privilege:** Generalized objections asserting attorney-client privilege or work-product doctrine do not comply with Local Rule 26.1(e)(2)(B), which requires that objections based upon privilege identify the specific nature of the privilege being asserted, the nature and general subject matter of the communication at issue, the sender and receiver of the communication, and their relationship to each other, among other requirements.  Parties are instructed to review this Local Rule carefully and refrain from objecting in the form of: "Objection. This information is protected by attorney-client and/or work-product privilege."  If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.  Further, the production of nonprivileged materials should not be delayed while a party is preparing a privilege log.  Note that the party with the burden of persuasion on a privilege claim has the obligation to present to the Court sworn evidence, if necessary, to satisfy that burden.  To that end, if a discovery dispute involves a claim of privilege, **any necessary sworn evidence supporting the claim of privilege shall be filed with the Notice of Hearing as Exhibit C.**  The Court may deem the failure to timely present such sworn evidence as a waiver of the privilege, absent a showing of good cause.

**Objections to Scope of Rule 30(b)(6) Notices for Depositions:** Corporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative's deposition.  Objections to the scope of a deposition notice shall be timely served (not filed) in advance of the deposition.  *See King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla.

1995); *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CV, 2007 WL 1068124, at *2-3 (S.D. Fla. Apr. 6, 2007).  Accordingly, the Court will adjudicate any objections to the scope of a Rule 30(b)(6) deposition only after the completion of the deposition.

**Sequencing and Timing of Discovery:** The parties are reminded to comply with Rule 26(d)(3) that grants all parties the right to sequence their own discovery, which means that one party's discovery does not require any other party to delay its discovery.  Relatedly, the parties shall not wait until the end of the discovery period to begin taking any depositions.  The failure to complete depositions before the discovery cutoff does not constitute good cause to extend the discovery period.

**DONE and ORDERED** in Chambers in Miami, Florida on July 14, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

9