**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-22026-BB**

**MANUEL A. PEREZ VELAZCO,**

Plaintiff,

v.

**MARKWAYNE MULLIN, Secretary,**
**U.S. Department of Homeland Security (DHS),**
**et al.,**

Defendants.

_____/

**DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S COMPLAINT FOR MANDAMUS, APA JUDICIAL REVIEW,**
**AND DECLARATORY RELIEF**

Defendants, through the undersigned Assistant United States Attorney, submits the following Answer and Affirmative Defenses to Plaintiff's Complaint:

**INTRODUCTION**

1. Defendants deny the allegations of paragraph 1 and demand strict proof thereof.

2. Defendants deny the allegations of paragraph 2 and demand strict proof thereof.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 3 and therefore deny the allegations.

**JURISDiCITION AND VENUE**

4. Defendants deny the allegations of paragraph 4 and demand strict proof thereof.

5. Defendants deny allegations of paragraph 5 and demand strict proof thereof.

6. Defendants deny the allegations of paragraph 6 and demand strict proof thereof.

7. Defendants deny the allegations of paragraph 7 and demand strict proof thereof.

8. Defendants deny the allegations of paragraph 8 and demand strict proof thereof.

9. Defendants deny the allegations of paragraph 9 and demand strict proof thereof.

10. With respect to paragraph 10, Defendants admit.

### PARTIES

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 11 and therefore deny the allegations.

12. With respect to paragraph 12, Defendants admit.

13. With respect to paragraph 13, Defendants admit.

14. With respect to paragraph 14, Defendants admit.

15. With respect to paragraph 15, Defendants admit.

16. With respect to paragraph 16, Defendants admit.

17. With respect to paragraph 17, Defendants admit.

### FACTS AND PROCEDURAL HISTORY

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 18 and therefore deny the allegations.

19. With respect to paragraph 19, Defendants admit.

20. With respect to paragraph 20, Defendants admit.

21. With respect to paragraph 21, Defendants admit.

22. With respect to paragraph 22, Defendants admit that an immigration judge ordered his release pursuant to a bond, and Plaintiff was released on bond.

23. With respect to paragraph 23, Defendants admit.

24. With respect to paragraph 24, Defendants admit.

25. With respect to paragraph 25, Defendants admit.

26. With respect to paragraph 26, Defendants admit.

27. With respect to paragraph 27, this calls for a legal conclusion to which no response is required.

28. With respect to paragraph 28, this calls for a legal conclusion to which no response is required. To an extent that a response is required Defendants deny.  .

29. With respect to paragraph 29, this calls for a legal conclusion to which no response is required. To an extent that a response is required Defendants deny.

30. With respect to paragraph 30, this calls for a legal conclusion to which no response is required. .

31. With respect to paragraph 31, this calls for a legal conclusion to which no response is required, to an extent one is required then Defendants deny.

32. Defendant denies the allegations of paragraph 32 and demands strict proof thereof.

33. With respect to paragraph 33, this calls for a legal conclusion to which no response is required. To an extent that a response is required Defendants deny.

34. With respect to paragraph 34, this paragraph requires a legal conclusion for which response is required.  To the extent that a response is required, Defendants deny because Plaintiff is not an arriving alien.  Moreover, Defendants admit, however, Plaintiff is a *Padilla* Class Member and thus a court ordered bond hearing was conducted and Plaintiff was released on bond pursuant to the law at the time. *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019).

35. With respect to paragraph 35, Defendants admit.

<u>**COUNT I MANDAMUS ACTION**</u>

36. Defendants re-allege and incorporate by reference their answers to paragraphs 1-35, *supra.*

37. With respect to paragraph 37, this calls for a legal conclusion to which no response is required. To an extent that a response is required Defendants deny.

38. With respect to paragraph 38, Defendants admit.

39. With respect to paragraph 39, Defendants admit that the issued NTA on May 9, 2019, indicates Plaintiff is an applicant for admission.

40. With respect to paragraph 40, Defendants admit.

41. Defendants deny the allegations of paragraph 41 and demand strict proof thereof.

42. With respect to paragraph 42, Defendants admit.

43. Defendants deny the allegations of paragraph 43 and demand strict proof thereof.

44. Defendants deny the allegations of paragraph 44 and demand strict proof thereof.

45. Defendants deny the allegations of paragraph 45 and demand strict proof thereof.

## COUNT II – ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION AGENCY ACTION CONTRARY TO LAW

46. With respect to Paragraph 46, Defendants re-allege and incorporate by reference their answers to paragraphs 1-35, supra.

47. Paragraph 47 is a legal conclusion for which no response is necessary.  To the extent that a response is necessary, Defendants deny.

48. Defendants deny the allegations of paragraph 48 and demand strict proof thereof.

49. With respect to paragraph 49, Defendants admit that the issued NTA on May 9, 2019, indicates Plaintiff is an applicant for admission. To the extent that Plaintiff contends he is no longer an applicant for admission, deny.

50. With respect to paragraph 50, Defendants admit.

51. With respect to paragraph 51, Defendants admit, however, Plaintiff is a Padilla Class Member and thus a court ordered bond hearing was conducted and Plaintiff was released on bond pursuant to the law at the time. *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019).

52. With respect to paragraph 52, this calls for a legal conclusion to which no response is required. To an extent that a response is required Defendants deny..

53. With respect to paragraph 53, this calls for a legal conclusion to which no response is required. To an extent that a response is required Defendants deny.

54. With respect to paragraph 54, Defendants admit that those detained under INA § 235, 8 U.S.C. § 1225 can be released under humanitarian parole.  Furthermore, at the time Plaintiff was released on bond he was part of the Padilla Class, which the court in *Padilla* found it was unconstitutional to deny these class members a bond hearing while they await a final determination of their asylum request. Thus, Plaintiff was afforded a bond hearing and released on bond as a result of a court ordered bond hearing. *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019).

55. Defendants deny the allegations of paragraph 55 and demand strict proof thereof.

56. Defendants deny the allegations of paragraph 56 and demand strict proof thereof.

57. With respect to paragraph 57, Defendants admit.

58. Defendants deny the allegations of paragraph 58 and demand strict proof thereof.

## COUNT III – ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION WITHOUT OBSERVANCE OF PROCEDURE REQUIRED BY LAW

59. Defendants re-allege and incorporate by reference their answers to paragraphs 1-35, supra.

60. Paragraph 60 this calls for a legal conclusion to which no response is required. To an extent that a response is required Defendants deny.

61. Defendants deny the allegations of paragraph 61 and demand strict proof thereof.

62. With respect to paragraph 62, Defendants admit that the issued NTA on May 9, 2019, indicates Plaintiff was an applicant for admission.

63. With respect to paragraph 63, Defendants admit that Plaintiff is an applicant for admission. To the extent that Plaintiff contends he is no longer an applicant for admission, deny.

64. With respect to paragraph 64, Defendants admit that because Plaintiff is a Padilla Class Member, a district court ordered that an immigration judge conduct a bond and Plaintiff was released on bond pursuant to Section 236(a) of the Immigration and Nationality Act, 8 U.S.C. 1226(a). *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019).

65. Paragraph 65 Contains a legal conclusion for which no response is necessary. To an extent that a response is required Defendants deny.

66. Paragraph 66 Contains a legal conclusion for which no response is necessary. To an extent that a response is required Defendants deny.

67. Paragraph 67 contains a legal conclusion for which no response is necessary., Plaintiffs note that at the time Plaintiff was released on bond he was part of the Padilla Class, which the court in *Padilla* found it was unconstitutional to deny class members a bond hearing while they await a final determination of their asylum request. Thus, Plaintiff was afforded a bond hearing and released on bond as a result of a court ordered bond hearing. *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019).

68. Defendants deny the allegations of paragraph 68 and demand strict proof thereof.

69. Defendants deny the allegations of paragraph 69 and demand strict proof thereof.

70. Paragraph 70 is a legal conclusion for which no response is necessary.

71. Defendants deny the allegations of paragraph 71 and demand strict proof thereof.

## COUNT IV- ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION
## UNREASONABLE DELAY

72. Defendants re-allege and incorporate by reference their answers to paragraphs 1-35, supra.

73. Paragraph 73 is a legal conclusion for which no response is necessary. To an extent that a response is required Defendants deny.

74. Paragraph 74 is a legal conclusion for which no response is necessary. To an extent that a response is required Defendants deny.

75. With respect to paragraph 75, Defendants admit.

76. With respect to paragraph 76, Defendants admit that the issued NTA on May 9, 2019, indicates Plaintiff is an applicant for admission. To the extent Plaintiffs contend that Plaintiff is no longer an applicant for admission, deny.

77. With respect to paragraph 77, Defendants admit.

78. With respect to paragraph 78, Defendants deny that Plaintiff was released by way of parole. Defendants admit that as aPadilla Class Member, aan immigration judge conducted a bond hearing pursuant to Section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and Plaintiff was subsequently released on bond p. *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019).

79. With respect to paragraph 79, Defendants admit.

80. Defendants deny the allegations of paragraph 80 and demand strict proof thereof.

81. Defendants deny the allegations of paragraph 81 and demand strict proof thereof.

## PRAYER FOR RELIEF

82. Defendants deny the relief requested paragraph 82 and demand strict proof thereof.

7

83. Defendants deny the relief requested paragraph 83 and demand strict proof thereof.

84. Defendants deny the relief requested paragraph 84 and demand strict proof thereof.

85. Defendants deny the relief requested paragraph 85 and demand strict proof thereof.

86. Defendants deny the relief requested paragraph 86 and demand strict proof thereof.

87. Defendants deny the relief requested paragraph 87 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The district court lacks jurisdiction to review all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(1).

2. Section 236(e) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1226(e), precludes subject matter jurisdiction over all of Plaintiff's claims.

3. Section 242(a)(2)(B)(ii) of the Immigration and Nationality Act, codified at  8 U.S.C. §1252(a)(2)(B)(ii), strips the Court of jurisdiction over any claim challenging the Department of Homeland Security's ("DHS") discretionary decision whether to release Plaintiff on humanitarian parole.

4. INA § 242(b)(9) of the INA, codified at 8 U.S.C. § 1252(b)(9), ) precludes judicial review of all questions of law and fact until a final order of removal has been issued.

5. INA § 242(g) of INA, codified at 8 U.S.C. § 1252(g), precludes district court review of any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

6. The Administrative Procedure Act does not provide jurisdiction to the court, where there is no duty to act, where the relief sought – parole – is discretionary.

7.  The Mandamus Act does not provide jurisdiction because the Plaintiff has no clear right to relief he seeks; Defendants have no clear duty to act; and he has an adequate remedy by appealing any final administrative removal order to the Board of Immigration Appeals, the administrative appellate body with jurisdiction to review the matter.  Thereafter, Plaintiff may seek review of any adverse decision to the court of appeals by way of Petition to Review.

8.  The Declaratory Judgment Act does not confer independent jurisdiction upon the court. Plaintiff failed to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

9.  Plaintiff is a Padilla Class Member and is and subject to the district court's order, received a court-ordered Padilla bond hearing, and was released from DHS custody pursuant to INA § 236(a). *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019).

10. Plaintiff has failed to exhaust his administrative remedies, where the legal issues in question are presently being litigated before the Executive Office for Immigration Review in removal proceedings, and are currently before the Board of Immigration Appeals by way of administrative appeal

11. The doctrine of judicial estoppel prohibits Plaintiff from seeking the relief requested in this complaint, where the district court certified the *Padilla* class and required the Department of Justice to conduct bond hearings pursuant to 8 U.S.C. 1226(a) of the INA.

12. The parties are bound by the district court's determination in *Padilla,* and issue preclusion prevents the Plaintiff from obtaining the relief he seeks.

13. Having received the benefit of the *Padilla* class, Plaintiff may not thereafter obtain alternative relief.

14. Humanitarian parole is discretionary and granted on a case-by-case basis for urgent humanitarian reasons or significant public benefit, thus, the court cannot grant such relief. *See* Court Order [ECF 14].

15. Defendant preserves any and all other defenses, not currently known, which it has, and through discovery learns may be applicable.

**WHEREFORE**, having fully answered all counts of the Complaint, Defendant prays that Plaintiff takes nothing by way of the Complaint; that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Lair A. Hall*
LAIR A. HALL
ASSISTANT U.S. ATTORNEY
United States Attorney's Office
Southern District of Florida
Florida Bar No. 125018
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5672
Email: Lair.Hall@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th of July, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/*Lair A. Hall*
Lair A. Hall
Assistant United States Attorney

10