**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-22026-BB**

**MANUEL A. PEREZ VELAZCO,**

Plaintiff,

v.

**MARKWAYNE MULLIN, Secretary,**
**U.S. Department of Homeland Security (DHS),**
**et al.,**

Defendants.

---

## DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(c) respectfully move for judgment on the pleadings and in support thereof state the following:

## INTRODUCTION

Plaintiff raises four counts in his Complaint, all of which request the issuance of a humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). All counts should be dismissed for the following reasons: (1) Plaintiff is a *Padilla* Class Member and thus was released on bond pursuant to a court-ordered bond hearing; (2) the doctrine of judicial estoppel prevents Plaintiff from seeking the relief requested in this complaint; (3) Plaintiff failed to exhaust his administrative remedies; (4) Sections 1252(a)(5), 1252(b)(9), and 1252(g) prevent judicial review of all questions of law and fact until a final order of removal has been issued, and any appeals to the court of appeals, the exclusive court with jurisdiction to review the matter, have been exhausted; (5) jurisdiction is precluded under the APA as there is no final agency action; and (6) the Declaratory Judgment Act does not provide independent jurisdiction.

## FACTUAL BACKGROUND

Manuel Antonio Perez-Velazco ("Plaintiff") is a native and citizen of Cuba who last entered the United States between ports of entry without inspection and admission or parole on April 1, 2019. *See* Exhibit A, Form I-862, Notice to Appear, dated May 9, 2019. Plaintiff turned himself into immigration officials near the port of entry located at the Paso Del Norte, in El Paso, Texas. *See* Exhibit C, Form I-213, Record of Deportable/Inadmissible Alien, dated April 1, 2019.

On April 7, 2019, Plaintiff was issued a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1), charging Plaintiff with inadmissibility under 8 U.S.C. 1182(a)(7)(A)(i)(I), as Plaintiff was an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act ("INA"). *See* Exhibit B, Form I-860.

On May 15, 2019, Plaintiff was served with a Warrant for Arrest and a Notice of Custody Determination. *See* Exhibit D, Form I-200, Warrant for Arrest of Alien, dated May 15, 2019; *see also* Exhibit E, Form I-286, Notice of Custody Determination, dated May 15, 2019.

On September 11, 2019, after Plaintiff requested a custody redetermination before the Immigration Court, the Immigration Judge ("IJ") held a bond hearing pursuant to the terms of a nationwide federal court injunction, which required the Department of Justice's Executive Office for Immigration Review ("EOIR") to conduct such bond hearings; the IJ ordered Plainitff released from DHS custody under bond of $10,000. *See* Exhibit F, Order of the Immigration Judge with Respect to Custody, dated September 11, 2019.[1] On March 8, 2024, the Immigration Judge denied

[1] This bond hearing was conducted pursuant to the April 5, 2019, preliminary injunction in *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019), as later modified on July 2, 2019, *Padilla*, 387 F. Supp. 3d 1219, concluding that "it is unconstitutional to deny these class members a bond hearing while they await a final determination of their asylum request," in light of the Attorney General's April 16, 2019, decision in *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019). *See* 387 F. Supp. 3d at 1223. Although plaintiff is an applicant for admission who was processed for Expedited Removal and subject to detention pursuant to 8 U.S.C. § 1225(b)(1), Plaintiff, a

Plaintiff's motion to terminate removal proceedings in order to pursue adjustment of status under the Cuban Adjustment Act, finding that "there is nothing in the record to indicate that DHS intended to extend a grant of parole when it released Respondent on a monetary bond." *See* Exhibit G, Order of the Immigration Judge, dated March 8, 2024. On May 11, 2026, Plaintiff attended his Individual Hearing before the Executive Office for Immigration Review ("EOIR") where an IJ denied Plaintiff's applications for relief from removal and ordered his removal from the United States. *See* Exhibit H, Notice of In-Person Hearing, dated May 11, 2026; Exhibit I, Removal Order. The Plaintiff reserved appeal, and a case appeal is currently pending with the BIA.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings at any time after the pleadings are closed, provided that such a motion will not delay trial. Fed. R. Civ. P. 12(c). Pleadings are now closed as Defendants filed their Answer to Plaintiff's Complaint on July 27, 2026. [ECF 20]. Judgment on the pleadings is warranted if the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts. *See Douglas Asphalt Co. v. Qore, Inc*., 541 F.3d 1269, 1273 (11th Cir. 2008). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim asserted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1370 (11th Cir. 1998). In other words, much like a motion to dismiss under Rule 12(b)(6), "the court is required to take the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff" when considering a motion for judgment on the pleadings. *Reprod. Health Servs. v. Strange*, 3 F.4th 1240, 1258 (11th Cir. 2021).

---

*Padilla* class member and subject to the district court's order, received a court-ordered *Padilla* bond hearing, in which an IJ ordered Plaintiff released from DHS custody on bond pursuant to 8 U.S.C. § 1226(a).

"However, 'the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations.'" *Long v. Fulton Cty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (Batten, J.) (*quoting Kowal v. MCI Comms. Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Thus, to survive a motion for judgment on the pleadings, a complaint must convey factual allegations that amount to "more than labels and conclusions" and "raise a right to relief above the speculative level ...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

### A. Plaintiff is a Padilla Class Member

The district court originally issued a preliminary injunction on April 5, 2019, *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019), but later modified it on July 2, 2019, *Padilla*, 387 F. Supp. 3d 1219, concluding that "it is unconstitutional to deny these class members a bond hearing while they await a final determination of their asylum request," in light of the Attorney General's April 16, 2019, decision in *M-S-*, 27 I&N Dec. 509. *See* 387 F. Supp. 3d at 1223. On March 27, 2020, the Ninth Circuit affirmed the portion of the nationwide injunction that required bond hearings for eligible class members, noting this portion of the injunction "essentially maintained the *status quo* before *Matter of M-S-*." *See Padilla v. ICE*, 953 F.3d 1134, 1140-41, 1148-49 (9th Cir. 2020). On January 11, 2021, the Supreme Court granted the government's petition for writ of *certiorari*, vacated the judgment, and remanded to the Ninth Circuit its March 27, 2020, decision for further consideration in light of the Supreme Court decision in *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020). *ICE v. Padilla*, No. 20-234, 2021 WL 78039 (U.S. Jan. 11, 2021). Importantly, the Supreme Court did not indicate that it wanted further consideration of the case in light of *Jennings v. Rodriguez*, 583 U.S. 281 (2018). On July 29, 2022, the Ninth Circuit ordered the U.S. District Court for the Western District

of Washington to vacate the preliminary injunction in *Padilla v. U.S. Immigr. & Customs Enf't*, 387 F. Supp. 3d 1219 (W.D. Wash. 2019). *Padilla v. Immigr. & Customs Enf't*, No. 19-35565, 2022 WL 3009399 (9th Cir. July 29, 2022). The same day, the district court issued an order vacating the preliminary injunction. *Padilla v. Immigr. & Customs Enf't*, No. 18-928 (W.D. Wash. July 29, 2022).

Furthermore, a release from custody under INA § 236 "is a distinct and different procedure from parole under [INA§ 212(d)(5)(A)]." *Matter of Castillo-Padilla*, 25 I&N Dec. 257, 263 (BIA 2010) (holding that conditional parole under INA § 236(a)(2)(B) "is a distinct and different procedure from parole under [INA § 212(d)(5)(A)]" and that the respondent was "not eligible to adjust his status under [INA § 245(a)] on the basis of his release from custody on conditional parole"). In *Castillo-Padilla*, the Board addressed the appeal of a noncitizen who contended that his release from custody on a $12,000 DHS bond would permit him to adjust his status under INA § 245(a). *Id*. at 259. The Board stated that *Castillo-Padilla* had failed to "adequately explain[ ] how his release from custody on a $12,000 bond constitutes conditional parole," but that even if he had been "afforded 'conditional parole' under section 236(a)(2)(B) of the Act," that was "not the same as 'parole into the United States,' " such that he would be "eligible for adjustment of status under section 245(a)." *Id*. at 5.

Thus, the Board agreed with the finding of the immigration judge that *Castillo-Padilla* had failed to establish that he had been "paroled into the United States" for purposes of establishing his eligibility for adjustment of status under INA § 245(a) and affirmed the denial of his application. *Id*. at 263. *Castillo-Padilla* filed a Petition for Review (PFR) with the United States Court of Appeals for the Eleventh Circuit. *See Castillo-Padilla v. U.S. Atty. Gen*., 417 F. App'x 888 (11th Cir. 2011). In an unpublished decision, the Eleventh Circuit denied Castillo-Padilla's PFR, concluding that "the Board reasonably decided that Castillo-Padilla's release on conditional

parole did not make him eligible to apply for an adjustment of status for having been 'paroled into the United States.'" *Id*. at 891.

Here, the record establishes that Plaintiff received all relief to which he was entitled under the district court's injunction in *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. 2019), as modified, 387 F. Supp. 3d 1219 (W.D. Wash. 2019). Although Plaintiff was an applicant for admission subject to expedited removal proceedings and mandatory detention under 8 U.S.C. § 1225(b)(1), he met the criteria and was identified as a member of the *Padilla* class; therefore, he was entitled to and received a court-ordered bond hearing. Consistent with the *Padilla* injunction, Plaintiff appeared before Immigration Judge Fernandez on September 11, 2019, for an individualized bond hearing. At that hearing, the Immigration Judge granted Plaintiff's motion for a change in custody and ordered his release on bond pursuant to INA § 236, 8 U.S.C. § 1226(a), 8 C.F.R. § 1003.19, and controlling precedent. After Plaintiff posted the bond set by the Immigration Judge, DHS released him in compliance with that order.

Plaintiff's release pursuant to an Immigration Judge's bond determination under INA § 236 did not constitute, and cannot be construed as, a grant of parole under INA § 212(d)(5), 8 U.S.C. § 1182(d)(5). The parole authority conferred by § 212(d)(5) is committed to the discretionary judgment of the Secretary of Homeland Security. Here, DHS did not exercise that discretionary authority or independently determine that Plaintiff should be released on parole. Rather, DHS implemented the Immigration Judge's custody determination as required by the district court's injunction in *Padilla*. Compliance with a judicially mandated bond order is legally distinct from the discretionary exercise of parole authority under § 212(d)(5), and Plaintiff's release on bond did not alter the statutory basis for his detention or his status as an applicant for admission. Because Plaintiff received the precise relief required by *Padilla*—an individualized bond hearing and

release pursuant to an Immigration Judge's bond order—his claims have been fully satisfied. Accordingly, this action is moot, and the Complaint should be dismissed.

**B. Judicial Estoppel**

The Eleventh Circuit applies the doctrine of judicial estoppel when a party takes clearly inconsistent positions under oath in separate judicial proceedings. To invoke judicial estoppel, the party asserting the doctrine must demonstrate that the opposing party's later position is clearly inconsistent with its earlier position. *United States v. Munoz*, 112 F.4th 923, 935 (11th Cir. 2024). In addition, the party seeking estoppel must establish that the opposing party successfully persuaded a court to accept its earlier position, such that permitting the inconsistent position in a subsequent proceeding would create the perception that either the first or second court was misled. *Munoz,* 112 F.4th at 935.

Here, Plaintiff seeks a writ of mandamus premised on the contention that the very release he requested and obtained from the immigration judge in 2019 was improper. Plaintiff affirmatively sought a bond hearing as a member of the *Padilla* class and ultimately secured his release on that basis. Having successfully obtained relief by advocating for his release, Plaintiff cannot now take the directly contrary position that the release itself was unlawful. Under the Eleventh Circuit's framework, judicial estoppel bars Plaintiff's inconsistent position because he persuaded the Immigration Judge to grant the relief he requested, and his contrary position in this mandamus action creates the very risk that the doctrine is designed to prevent—namely, the perception that one of the courts was misled. *See id.* Therefore, Plaintiff's Complaint must be dismissed as the relief he is requesting is inconsistent with the relief he requested and benefitted from as a *Padilla* class member in 2019.

**C. Plaintiff Failed to Exhaust His Administrative Remedies**

The Court should dismiss the Complaint as Plaintiff has failed to exhaust his administrative remedies. Exhaustion of administrative remedies is not jurisdictional. *Santiago-Lugo*, 785 F.3d at 475. Indeed, exhaustion of administrative remedies is generally non-jurisdictional. *Santos-Zacaria v. Garland*, 598 U.S. 411, 143 S. Ct. 1103, 1108, 215 L. Ed. 2d 375 (2023) ("Exhaustion requirements are quintessential claim-processing rules, designed to promote efficiency in litigation."). However, "exhaustion promotes efficiency, including by encouraging parties to resolve their disputes without litigation." *Id*. at 417-18 (citing *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); and *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)). Because exhaustion is non-jurisdictional, a court need not sua sponte rule on this issue, and failure to exhaust may be excused for futility. *Id*. at 418; *Santiago-Lugo*, 785 F.3d at 474-75.

Moreover, as set forth in the EOIR Policy Memo 25-45 the Board of Immigration Appeals and Immigration Judges can consider constitutional challenges to the INA. *Consideration of Constitutional Arguments in Agency Adjudications*, available at https://www.justice.gov/eoir/media/1413276/dl?inline. Here, Plaintiff simultaneously seeks relief before the Board of Immigration Appeals, where he is litigating this very issue, and before this district court. Therefore, since the administrative remedies have not been exhausted, this Petition should be dismissed.

**D. 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) Precludes Jurisdiction**

The INA limits which courts have jurisdiction to hear challenges during removal proceedings. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]"); *see also* § 1252(b)(9) (consolidating "all questions of law and fact,

including interpretation and application of constitutional and statutory provisions" into judicial review by the circuit court of appeals).

Section 1252(b)(9) precludes district court review of claims that "arise from any action taken . . . to remove an alien," and applies to the claims of the Plaintiff in this case, who already has an order of removal, and whose claim for relief is inextricably intertwined with the substance of his underlying removal order. When § 1252(b)(9) is read in conjunction with § 1252(a)(5), it illuminates that even indirect challenges to final orders of removal must be brought though the petition for review process rather than district court.[2] *See Akinmulero v. Holder*, 347 F. App'x 58, 61 (5th Cir. 2009) ("Congress has eliminated district court jurisdiction over 'all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States and lodged exclusive jurisdiction in the court of appeals once agency remedies have been exhausted." (citing 8 U.S.C. §§ 1252(a)(5) and (b)(9)).

Further, the INA precludes the district courts from hearing, with certain exceptions not applicable here, "any cause or claim by . . . any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Federal district courts do not have jurisdiction over removal orders, regardless of whether such challenges are direct or indirect. *See, e.g.*, *Saintil v. Dir.*, No. 6:20-cv-1094, 2020 WL 13547839, at *2 (M.D. Fla. Sept. 29, 2020); *Jacques v. Wolf,* No. 8:20-CV-01296-02-SPF, at *3 (M.D. Fla. Sept. 11, 2020); *Vernitus v. Acting Sec'y,* No. 6:20-CV-1998-ACC-EJK, 2021 WL 9408910 (M.D. Fla. Feb. 25, 2021) (Conway, J.). Moreover, district courts lack jurisdiction over challenges to decisions that are "inextricably linked" to removal orders. *See Morales-Izquierdo v.*

[2] INA regulations provide that non-arriving aliens, like Plaintiff, may only seek to adjust status with an IJ in deportation or removal proceedings. *See* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1). If an IJ denies adjustment, the alien may appeal to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. §§ 1003.1(b), 1003.3(a). If the BIA's decision is adverse, he may appeal it (on limited grounds) via petition for review of the final order in the relevant circuit court of appeals. *See* 8 U.S.C. §§ 1252(a)(5), (b)(2), (b)(9).

*Dep't of Homeland Sec.*, 600 F.3d 1076, 1082-83 (9th Cir. 2010), *overruled in part on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (*en banc*).

Plaintiff's complaint is an impermissible indirect attack on his removal order, and as such, the District Court correctly held that 8 U.S.C. § 1252 precludes jurisdiction. *Id.* at 445-46; *see also Chen v. Rodriguez*, 200 F. Supp. 3d 174, 181 (D.D.C. 2016) ("Regardless of how it is framed, when a claim by an alien challenges an agency determination that is 'inextricably linked' to a removal order, § 1252(a)(5) prohibits it from being heard in district court."); *Jacques*, 2020 WL 5500208, at *4; *Santa Maria v. McAleenan*, No. 18-cv-3996, 2019 WL 2120725, at *2 (S.D. Tex. May 15, 2019). IJs retain exclusive jurisdiction over adjustment applications filed by "any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien)." 8 C.F.R. § 1245.2(a)(1)(i); *see Fiducia v. U.S. Attorney Gen.*, 787 Fed. Appx. 655, 658 (11th Cir. 2019) ("after the initiation of removal proceedings, the IJ 'has exclusive jurisdiction to adjudicate any application for adjustment of status.'"); *see also Ibarra v. Swacina*, 628 F.3d 1269, 1270 (11th Cir. 2010) ("Once an alien is placed in removal proceedings, the Immigration Judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.").

Here, Plaintiff is currently in removal proceedings and first brought the issue of parole to the Immigration Court on March 8, 2024, which the Immigration Judge denied finding that "there is nothing in the record to indicate that DHS intended to extend a grant of parole when it released Respondent on a monetary bond." *See* Exhibit G, Order of the Immigration Judge, dated March 8, 2024. Plaintiff was then ordered removed on May 11, 2026. *See* Exhibit I, Removal Order. The Plaintiff reserved appeal, and a case appeal is currently pending with the BIA. Since Plaintiff is currently in removal proceedings, and his case is currently before the Board of Immigration Appeals, the administrative appellate body with jurisdiction to review the claim, this court lacks

jurisdiction to review the issue, inasmuch as the BIA and, thereafter, the court of appeals, has exclusive jurisdiction.

Moreover, because the Plaintiff's claims "arise[] from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders," the Court is also divested of jurisdiction pursuant to 8 U.S.C. § 1252(g). Section 1252(g) expressly prohibits courts from hearing "any cause or claim …arising from the decision … to commence proceedings, adjudicate cases, or execute removal orders …." 8 U.S.C. § 1252(g). Here, a district court's declaratory order finding that Defendants' acted unlawfully by previously releasing Plaintiff on a bond pursuant to 8 U.S.C. § 1226 rather releasing him via a parole determination under 8 U.S.C. § 1225 would interfere with the EOIR's/BIA's duty to adjudicate a case pending before it or in executing an order. Because Plaintiff seeks to impinge on the exclusive jurisdiction EOIR/BIA over their removal proceedings, his claim arises from the Executive Branch's decision to adjudicate a case, which is barred by § 1252(g).

**E. Jurisdiction is Precluded Under the APA as There is No Final Agency Action**

The APA authorizes judicial review of "final agency action" for which there is no other adequate remedy in a court. 5 U.S.C. § 704. There is no jurisdiction under the APA where the action challenged is not final. Two conditions must be satisfied for agency action to be final: (1) "the action must mark the 'consummation' of the agency's decision-making process, e.g., that 'it must not be of a merely tentative or interlocutory nature'" and (2) "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citation omitted). "Consequently, 'finality requires exhaustion of administrative remedies.'" *See Meza v. Cuccinelli*, 438 F. Supp. 3d 25, 31 (D.D.C. 2020) (quoting *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005)); *see also Nat'l Parks*

*Conservation Ass'n v. Norton,* 324 F.3d 1229, 1236 (11th Cir. 2003) (providing that in the absence of final agency action, the court has no subject-matter jurisdiction).

These principles, applied here, deprive the District Court of subject-matter jurisdiction because Plaintiff has failed to exhaust administrative remedies that are available to him i.e., he failed to seek adjustment of status before the IJ in removal proceedings. INA regulations provide that non-arriving aliens in removal proceedings, like Plaintiff—including those under an unexecuted order of removal — may only seek to adjust status with an IJ in removal proceedings. *See* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1). If an IJ denies adjustment, the alien may appeal to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. §§ 1003.1(b), 1003.3(a). If the BIA's decision is adverse, the alien may appeal it (on limited grounds) via petition for review of the final order in the relevant circuit court of appeals. *See* 8 U.S.C. §§ 1252(a)(5), (b)(2), (b)(9). The noncitizen "is not entitled," however, "at any stage of this process, to review of his [or her] application in any district court." *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 306 (D.D.C. 2017).

Moreover, within the aforementioned statutory scheme, "[i]f there remain steps that the immigrant can take to have an action reviewed within the [pending immigration procedures], then the action is not final and judicial review is premature." *Pinho*, 432 F.3d at 200; *Meza*, 438 F. Supp. 3d at 31.

Here, Plaintiff is arguing that because the exclusive means of release in expedited removal is parole, his release by way of bond was improper and the court should consider him "paroled" as a matter of law. This argument was litigated before the immigration judge by way of a motion to terminate removal proceedings and request for adjustment of status. The IJ denied the motion to terminate and determined that Plaintiff could not establish that he had been paroled under 212(d)(5). *See* Exhibit G. However, the IJ's denial of Plaintiff's motion to terminate and request for adjustment of status can be brought in front of the BIA but is estopped from presenting the

same issue in any district court. Therefore, this court lacks jurisdiction and should dismiss the Complaint.

**F. Declaratory Judgment Act Does Not Provide Independent Jurisdiction**

The Declaratory Judgment Act, only "creates a remedy allowing district courts to 'declare the rights and other legal relations' of parties in suits where a district court has jurisdiction, and does not waive immunity or convey jurisdiction where it otherwise does not exist." *Kight v. U.S. Dist. Court, N. Dist. of Georgia*, 681 F. App'x 882, 884 n.4 (11th Cir. 2017) (quoting 28 U.S.C. § 2201 and citing *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)). A suit brought under the Declaratory Judgment Act must state some independent source of jurisdiction." *Fed. Election Comm'n v. Reform Party of U.S.*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007).

Here, Plaintiff has identified no independent source of jurisdiction. Thus, the Declaratory Judgment Act does not provide the Court with jurisdiction over this matter. This case should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction. *See Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("APA, mandamus, and declaratory jurisdiction are precluded by the jurisdiction-stripping provisions of the Immigration and Nationality Act"); *Sanchez-Farge v. Mukasey,* No. 08-60644-CIV-MORENO, 2008 WL 2096375, at *3 (S.D. Fla. May 13, 2008).

**CONCLUSION**

For the reasons explained herein, Defendants' Motion for Judgment on the Pleadings should be granted.

DATED: August 18, 2026.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *<u>/s/ Lair A. Hall</u>*
LAIR A. HALL
ASSISTANT U.S. ATTORNEY
United States Attorney's Office
Southern District of Florida
Florida Bar No. 125018
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5672
Email: Lair.Hall@usdoj.gov