**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:26-cv-22026-BLOOM/Elfenbein**

MANUEL A. PEREZ VELAZCO,

Plaintiff,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department

of Homeland Security, et al.,

Defendants.

_____________________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, MANUEL A. PEREZ VELAZCO, through undersigned counsel, submits this response in opposition to Defendants' Motion for Judgment on the Pleadings, ECF No. 21. Plaintiff requests denial of that motion. This response seeks no affirmative judgment for Plaintiff and submits no additional evidentiary materials.

## INTRODUCTION

The Court has already distinguished the legal question of which statute governed Plaintiff's detention from the discretionary question whether DHS should grant him humanitarian parole. ECF No. 14 at 8-11. Defendants' motion again treats those different questions as interchangeable. They are not. The unavailability of an order compelling discretionary parole does not, by itself, resolve the statutory-authority and procedural challenges pleaded in Counts II and III.

Plaintiff acknowledges that he obtained a bond hearing as a member of the *Padilla* class and was released pursuant to the immigration judge's order. His earlier response expressly stipulated to Defendants' factual and statutory background. ECF No. 12 at 2. The issue is not whether DHS should have disobeyed that order. It is whether the existence of the judicial release remedy conclusively defeats every challenge to DHS's separate use of a post-arrest warrant and section 1226 custody procedures. Defendants themselves state that the bond release did not alter the underlying statutory basis of detention. ECF No. 21 at 6.

The remaining defenses require claim-specific analysis. Receipt of bond does not alone establish judicial estoppel, and removal proceedings do not eliminate the need to identify the challenged action for exhaustion, APA finality, and removal-review purposes. Plaintiff seeks neither review of the removal order nor automatic parole. He opposes judgment on the entire action and, alternatively, asks the Court to preserve the distinct claims recognized in ECF No. 14.

**RELEVANT ALLEGATIONS AND PROCEDURAL POSTURE**

The Complaint alleges that Plaintiff arrived in the United States and was detained by Border Patrol on April 1, 2019; that DHS later issued a May 9, 2019 Notice to Appear and a May 15, 2019 warrant; and that he was released on bond on October 15, 2019. ECF No. 1 ¶¶ 19-22. The Answer admits the arrival and detention, the later warrant, and release on bond pursuant to an immigration judge's order. ECF No. 20 ¶¶ 19-22, 40, 50-51. Defendants' motion also acknowledges that Plaintiff was processed for expedited removal under 8 U.S.C. § 1225(b)(1). ECF No. 21 at 2 & n.1, 6.

The September 11, 2019 custody order granted release on a $10,000 bond. ECF No. 21-6 at 1. The May 15, 2019 DHS custody notice had invoked section 236 of the INA. ECF No. 21-5

at 1. Counts II and III challenge the authority and procedures underlying that sequence of agency action. ECF No. 1 ¶¶ 48-58, 61-71. The Complaint separately requests declarations concerning the post-hoc warrant, detention statute, and release procedure. *Id.* ¶¶ 85-86.

The later immigration proceedings are not ignored. A March 8, 2024 order denied Plaintiff's motion to terminate and found no indication that DHS intended to grant parole when releasing him on monetary bond. ECF No. 21-7 at 1. A May 11, 2026 summary order records removal to Cuba and reservation of appeal; it identifies the oral decision as the official opinion. ECF No. 21-9 at 1, 3-4. Defendants represent that an appeal is pending before the BIA. ECF No. 21 at 3. Plaintiff does not ask this Court to reverse either immigration ruling. The scope of an unfiled appellate brief should not, however, be inferred merely from counsel's characterization of it.

On June 18, 2026, this Court denied the motion to dismiss while expressly limiting the relief potentially available. ECF No. 14 at 10-11. The Court did not decide judicial estoppel or exhaustion on their merits; it declined to consider those arguments because they were first presented in reply. *Id.* at 6 n.1. Plaintiff addresses those defenses here rather than asserting that they were permanently waived.

## LEGAL STANDARD

“Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) In determining whether a party is entitled to judgment on the pleadings, courts accept as true all material facts alleged in the non-moving party's pleading and view those facts in the light most favorable to the non-moving party. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Defendants' denials

and affirmative defenses do not establish disputed facts against Plaintiff. See Fed. R. Civ. P. 8(b)(6).

Plaintiff does not contend that every attachment to the motion must be excluded. Documents central to a claim and of undisputed authenticity may be considered without conversion. *Horsley*, 304 F.3d at 1134. The Court may also take proper judicial notice of prior proceedings. But the existence of an order does not establish every factual inference Defendants draw about what Plaintiff argued, what was actually decided, or what issues are now before the BIA. *Munoz* itself illustrates why judicial notice of a prior proceeding does not eliminate the need to establish the elements of estoppel.

Plaintiff asks the Court to decide the merits of this motion under Rule 12(c), not on a newly developed evidentiary record. If non-excepted material outside the pleadings is considered to resolve the merits, Rule 12(d) requires treatment under Rule 56 and a reasonable opportunity to present pertinent material. Plaintiff requests exclusion of such material or, if conversion is contemplated, the required notice and opportunity. This objection does not prevent the Court from conducting a proper jurisdictional inquiry under Rule 12(h)(3). Plaintiff retains the burden of establishing jurisdiction; a factual jurisdictional attack must be distinguished from a merits determination on the pleadings. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

## ARGUMENT

### I. The prior Order requires consideration of the statutory-framework claims on their own terms.

The Court held that sections 1226(e) and 1252(a)(2)(B)(ii) did not foreclose consideration of the statutory prerequisite for detention under section 1225 or section 1226. [ECF

No. 14 at 8-10]. At the same time, it cautioned that an unauthorized bond release does not automatically become humanitarian parole and that the Court cannot compel the Secretary to exercise parole discretion favorably. *Id.* at 10-11. Plaintiff's opposition respects both parts of that analysis.

The Order is interlocutory, not a final adjudication of liability, and Plaintiff does not contend that it prevents consideration of a properly presented Rule 12(c) motion or new jurisdictional arguments. *See* Fed. R. Civ. P. 54(b), 12(h)(3). Its reasoning nevertheless answers the premise that every count necessarily reduces to a demand for discretionary parole. The Court identified potentially cognizable declarations concerning the statutory authority and procedure for the detention and release. [ECF No. 14 at 11]. Those requests appear in the Complaint itself; they are not new claims added through this response. [ECF No. 1 ¶¶ 48-58, 61-71, 85-86].

**II. Padilla does not establish that every pleaded claim has been satisfied.**

Defendants rely on Plaintiff's membership in the *Padilla* class and the bond remedy supplied by the injunction then in force. [ECF No. 21 at 4-7]. Plaintiff accepts that history, as he did in ECF No. 12. He does not argue that compliance with the injunction or the resulting custody order was itself an exercise of the Secretary's humanitarian-parole discretion. Nor does he argue that later vacatur of the injunction retroactively made obedience unlawful.

That judicial remedy and the source of DHS's statutory detention authority remain distinct. *Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018), addresses the separate detention regimes and rejects the proposed transition from section 1225 detention to section 1226 merely upon the commencement of further proceedings. *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 & n.4 (B.I.A. 2025), specifically explains that a post-hoc warrant does not convert existing section 235 custody into section 236 custody.

The May warrant and custody notice preceded the September individualized bond order. [ECF Nos. 21-4 at 1, 21-5 at 1, 21-6 at 1]. The pleaded challenge to the earlier invocation of section 236 therefore requires analysis distinct from the duty to implement the later release order. Indeed, Defendants maintain that the release did not change the statutory basis for detention. [ECF No. 21 at 6]. That proposition undercuts treating the release as conclusive validation of a statutory conversion accomplished by the earlier warrant.

The historical agency framework must also be considered accurately. *Matter of M-S-*, 27 I. & N. Dec. 509, 515-19 (A.G. 2019), rejected bond eligibility following transfer from expedited removal after a positive credible-fear determination, but delayed implementation for 90 days. Plaintiff does not assume that the decision was fully implemented when the May warrant issued. His statutory argument rests on *Jennings* and the governing provisions, not on ignoring either that delay or the court-ordered *Padilla* remedy. Those circumstances may affect the merits; they do not make the questions of statutory authority and judicially compelled release identical.

Likewise, *Matter of Castillo-Padilla*, 25 I. & N. Dec. 257, 260-63 (B.I.A. 2010), distinguishes conditional parole and bond from parole under section 1182(d)(5)(A). The unpublished decision cited by Defendants affirmed that distinction in reviewing adjustment eligibility. [ECF No. 21 at 5-6]. This response does not ask the Court to disregard that distinction. The proposition that bond is not humanitarian parole does not independently resolve whether DHS employed the correct statutory authority and procedures.

Defendants' further contention that the action is moot because Plaintiff received a bond hearing addresses relief this action does not seek. [ECF No. 21 at 6-7]. The hearing and release occurred years before suit; they do not establish satisfaction of the subsequently asserted statutory and procedural claims. The Complaint alleges an ongoing adverse consequence of

DHS's processing and lack of parole documentation for Plaintiff's ability to pursue Cuban Adjustment Act relief. [ECF No. 1 ¶¶ 3, 32, 35, 81]. Defendants' March 2024 exhibit confirms that the legal character of the release remained consequential in the immigration proceedings. [ECF No. 21-7 at 1].

Plaintiff must establish a present injury redressable by legally available relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). This response does not assume that a declaration would confer parole or adjustment eligibility, it is a mere declaration of what the law requires DHS to follow as said by Plaintiff, now a third time, in the docket. [ECF Nos. 1 at 10-14; 12 at 4].

**III. Judicial estoppel and issue preclusion are not established by the fact that Plaintiff requested and obtained bond.**

Defendants rely on *Munoz*, but that decision vacated a judgment on the pleadings resting on judicial and collateral estoppel. 112 F.4th 923, slip op. at 2, 16-22. When the party invoking judicial estoppel participated in the earlier proceeding, *Munoz* applies the *New Hampshire* considerations: clear inconsistency, acceptance of the particular earlier position by a court, and unfair advantage or unfair detriment. *Id.* at 17-18; *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). The government's participation makes that framework applicable here. Plaintiff does not rely solely on the absence of a sworn statement.

First, requesting release through a then-operative judicial remedy is not necessarily inconsistent with challenging DHS's independent statutory basis for custody. Plaintiff does not deny that he requested bond or seek to undo the judicial order granting it. He disputes the additional inference that seeking that remedy necessarily represented that a post-arrest warrant

validly changed the governing detention statute. The distinction is particularly important where Defendants themselves acknowledge that the release did not alter that statute. [ECF No. 21 at 6].

Second, the custody order shows that the immigration judge granted bond; it does not identify a litigated determination that the May warrant transformed section 1225 detention into section 1226 detention. [ECF No. 21-6 at 1]. The motion does not supply the bond application or hearing transcript establishing that Plaintiff advanced that specific proposition and persuaded the judge to accept it. Acceptance of the request for release is not necessarily acceptance of every legal premise Defendants now associate with it.

Third, the unfair-advantage inquiry cannot be satisfied by assuming that denial of this motion would award Plaintiff both bond and court-created parole. It would not. The Court has already explained why automatic issuance of a new parole is unavailable. ECF No. 14 at 10-11. Permitting the statutory and procedural issues to remain pending does not itself award an additional immigration benefit.

**IV. Exhaustion must be tied to the agency action and remedy actually at issue.**

Defendants acknowledge that the exhaustion authorities on which they rely address nonjurisdictional requirements, yet assert that a pending BIA appeal necessarily requires dismissal of the entire action. ECF No. 21 at 8. Plaintiff does not contend that nonjurisdictional exhaustion is optional. He disputes the failure to identify a mandatory administrative avenue applicable to the distinct DHS statutory-authority claim.

EOIR Policy Memorandum 25-45 addresses consideration of constitutional arguments in agency adjudications. That subject does not itself establish an administrative route for obtaining the particular relief sought against DHS or transfer the Secretary's parole authority to immigration judges. *See Castillo-Padilla*, 25 I. & N. Dec. at 261. The capacity to consider a legal

argument, the availability of a remedy, and a requirement to exhaust that remedy are separate questions. The claim-specific inquiry is especially important because the motion does not include the BIA appeal papers on which its assertion that Plaintiff is litigating the identical issue depends.

**V. The removal-review provisions do not justify treating every custody-related claim as review of the removal order.**

Section 1252(a)(5) makes a petition for review in the appropriate court of appeals the exclusive means for judicial review of a removal order. Plaintiff cannot evade that rule by labeling a removal challenge an APA action. He does not ask this Court to vacate the May 11, 2026 order, terminate removal proceedings, stay removal, adjudicate asylum, or decide adjustment eligibility. The statutory-authority claims arose from DHS's 2019 detention and processing; this action was filed before the later removal order. [ECF No. 1; ECF No. 21-9]. Timing alone is not dispositive, but the action challenged and the relief sought remain essential to the jurisdictional analysis.

Section 1252(b)(9) likewise requires examination of the particular claim. The plurality discussion in *Jennings*, 583 U.S. at 293-95, rejects a construction that would sweep every detention-related question into removal review. Plaintiff's position is not that all custody claims escape channeling, but that determining which statute governed the original detention need not decide the validity of the removal order. The authorities Defendants cite concerning direct and indirect removal challenges do not eliminate that distinction. [ECF No. 21 at 8-10].

Plaintiff does not invoke section 1252(a)(2)(D) as a freestanding grant of district-court jurisdiction. Its protection of review for qualifying legal and constitutional questions concerns petitions for review in the courts of appeals. The jurisdiction asserted here remains 28 U.S.C. §

1331, subject to the INA's applicable limitations, for the independently pleaded challenge to DHS's statutory framework. If a requested remedy would in substance revise the removal or adjustment determination, it cannot be obtained here merely by changing its label.

Section 1252(g) addresses the specified decisions to commence proceedings, adjudicate cases, or execute removal orders. It is not a general bar covering every immigration-related act. *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999). The surviving theory identified in ECF No. 14 concerns the source of detention authority, not whether the Executive should take one of those three actions. Defendants' assertion that a declaration might affect an issue discussed in removal proceedings does not, without more, identify a challenge to a specified section 1252(g) decision.

The Court may recognize the immigration orders and the represented pendency of an appeal without accepting unsupported characterizations of the contents of unfiled briefs or the official oral decision. Plaintiff does not contend that the BIA issues necessarily differ; he contends that their precise relationship to this pleaded claim has not been established by the statement that he is litigating 'this very issue.' ECF No. 21 at 8. The requested all-count judgment should not rest on that unexamined premise.

**VI. APA finality requires analysis of the challenged DHS action, not substitution of an adjustment-of-status claim.**

Section 704 permits review of final agency action for which there is no other adequate remedy in a court. Finality requires consummation of the agency's decisionmaking process and an action determining rights or obligations or producing legal consequences. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). Plaintiff does not claim that every arrest document is independently reviewable or that the passage of time alone establishes finality.

The pleaded challenge, however, identifies actual custody processing, a post-arrest warrant, detention under the allegedly incorrect provision, and an implemented bond release. ECF No. 1 ¶¶ 19-22, 48-58, 61-71. Defendants' exhibits include a May 2019 DHS custody determination and the later immigration custody order. ECF Nos. 21-5, 21-6. Those actions were implemented, not merely proposed. Whether the particular DHS determination was final and whether an adequate alternative remedy exists must be evaluated with reference to that determination, including the effect of custody review, rather than assumed from the fact that ultimate removal proceedings continue.

*Ibarra v. Swacina*, 628 F.3d 1269, 1270-71 (11th Cir. 2010), illustrates the necessary specificity. It concerned review of a USCIS adjustment denial where the plaintiff was renewing the adjustment application before the immigration judge, who had exclusive jurisdiction over it. Plaintiff does not ask this Court to review an adjustment application or reverse the immigration judge's conclusion that he had not shown an actual grant of parole. The government's adjustment authorities are pertinent to such relief, but do not establish that every completed DHS custody determination is merely an interlocutory adjustment adjudication.

The motion itself alternately asserts that Plaintiff failed to seek adjustment and that his motion to terminate and request for adjustment were litigated and denied. [ECF No. 21 at 12]. The filed March 2024 order resolves a motion to terminate immigration proceedings, not the adjudication of an immigration benefit; the May 2026 order states that the oral decision is the official opinion. [ECF Nos. 21-7 at 1; 21-9 at 1]. The Court should not resolve the reach of an asserted alternative remedy by filling those gaps through assumptions about a formal adjustment application, its adjudication, or the content of the BIA appeal. Nothing in the record suggests that an Immigration Judge considered the adjustment application.

Plaintiff bears the burden of establishing reviewability; absence of the full record does not establish jurisdiction. But disputed descriptions of that record do not establish grounds for merits judgment either. If a factual jurisdictional issue requires additional material, Plaintiff requests a reasonable opportunity to address the identified issue. He seeks no discovery ruling here and does not contend that discovery can cure a purely legal defect.

**VII. The Declaratory Judgment Act argument and limitations on compulsory relief do not support judgment on every claim.**

Defendants correctly state that the Declaratory Judgment Act does not independently confer jurisdiction. [ECF No. 21 at 13]. But the Complaint expressly invokes federal-question jurisdiction under 28 U.S.C. § 1331 in combination with the APA. [ECF No. 1 ¶¶ 4-9]. Section 702 supplies the applicable waiver for qualifying nonmonetary relief; section 2201 supplies a remedy, not a substitute for jurisdiction or a means to evade the INA. The Court must decide whether the pleaded federal claim satisfies the governing limitations, not dismiss it because section 2201 alone would be insufficient.

This response does not voluntarily dismiss a count or amend the Complaint. It recognizes the remedial limitations already identified by the Court and opposes Defendants' request for judgment on the whole action. If the Court concludes that a compulsory-parole or delay theory cannot proceed, it should specify that disposition and separately analyze Counts II and III, rather than deem the unavailability of one remedy dispositive of every pleaded statutory and procedural challenge. Plaintiff requests no affirmative declaration or other merits relief through this response.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion for Judgment on the Pleadings, [ECF No. 21]. Alternatively, any ruling against a compulsory-parole or delay theory should be confined to the affected claim or remedy and should not dispose of the distinct statutory-authority and procedural claims in Counts II and III without resolving the grounds applicable to those claims. Plaintiff further requests exclusion of non-excepted outside materials offered to determine the merits or, if the Court contemplates conversion, the notice and reasonable opportunity required by Rule 12(d). Plaintiff seeks no affirmative judgment, discovery order, or change to the existing schedule in this response.

Respectfully submitted,

/s/ *Eduardo R. Soto, Esq.*
EDUARDO R. SOTO, ESQ.
Florida Bar No. 0858609
Law Offices of Eduardo Soto, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Office: (305) 446-8686
Fax: (305) 529-0445
Email: federal@esotopa.com