**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-22026-BB**

**MANUEL A. PEREZ VELAZCO,**

Plaintiff,

v.

**MARKWAYNE MULLIN, Secretary,**
**U.S. Department of Homeland Security (DHS),**
**et al.,**

Defendants.

______________________________________________

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, by and through the undersigned counsel, submits their Reply to Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings.

## INTRODUCTION

Plaintiff is attempting to obtain an immigration benefit from an alleged detention error, that even if corrected, would not supply the statutory element necessary for application of the Cuban Adjustment Act. Plaintiff is requesting that this Court declare whether the Department of Homeland Security ("DHS") possessed statutory authority to characterize Plaintiff's detention and release under INA § 236, and if so, to treat Plaintiff's § 236 release as though it were a § 212(d)(5); § 1182(d)(5)(A) parole. This court has already ruled that "the Court lacks jurisdiction to order the Government to issue humanitarian parole. That is plainly barred by § 1252(a)(2)(B)(ii) and the Eleventh Circuit's ruling in *Alonso-Escobar*. Thus, the Court is only jurisdictionally empowered to provide Plaintiff with—at most—two of the forms of relief he seeks. Specifically, assuming the facts ultimately support this conclusion, the Court can declare (i) that Defendants acted unlawfully

by detaining Plaintiff under 8 U.S.C. § 1226 with the issuance of a post-hoc warrant and subsequently releasing him on bond pursuant to 8 U.S.C. § 1226 and (ii) that Plaintiff's arrest and detention should have been made under the authority given to DHS by 8 U.S.C. § 1225 and any release should have proceeded via a parole determination." [ECF 14]. Thus, this court has already ruled that the only relief it can provide is declaratory relief. However, Plaintiff's Complaint should be dismissed as declaratory relief would be improper.

## ARGUMENT

### A. Declaratory Relief Must Resolve a Genuine Controversy

The Eleventh Circuit has articulated a clear standard for what constitutes an actual controversy sufficient to support declaratory relief. Under the Declaratory Judgment Act, a declaratory judgment may only be issued in the case of an actual controversy — that is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. *See Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). The phrase "case of actual controversy" is not merely a procedural formality — courts in the Eleventh Circuit have consistently held that this language imposes a requirement coterminous with the case or controversy requirement of Article III of the Constitution. *See Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins., Co.,* 32 F. Supp. 3d 1226, 1229 (S.D. Fla. 2014); *see also Mid-Continent Cas. Co. v. G.R. Constr. management, Inc*., 278 F. Supp. 3d 1302, 1305 (M.D. Fla. 2017). The "case or controversy" requirement of Article III of the United States Constitution prohibits federal courts from considering questions that cannot affect the rights of the litigants in the case before them. *See Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees of America Div. 998 v. Wis. Employment Relations Bd.,* 340 U.S. 416, 418, 71 S.Ct. 373, 95 L.Ed. 389 (1951) (a court may not give an opinion where it cannot grant relief or affect the rights of the

litigants before it). To be entitled to declaratory relief, a plaintiff must show there is a bona fide, actual, present practical need for the declaration and that the relief sought is not merely the giving of legal advice by the courts. *Vozzcom, Inc. v. Beazley Ins. Co., Inc.*, 666 F. Supp. 2d 1321, 1327 (S.D. Fla. 2009). A declaratory judgment action is subject to dismissal where the requested relief would amount to nothing more than a gratuitous pronouncement lacking any legal force or effect, thereby constituting an impermissible advisory opinion that fails to satisfy Article III's threshold case-or-controversy requirement. *See Miccosukee Tribe of Indians of Florida v. United States*, 259 F. Supp. 2d 1237, 1245 (S.D. Fla. 2003). Put another way, the federal courts do not have jurisdiction to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Id.* at 1243.

Here, the problem with Plaintiff's requested relief is that release under § 236 and parole under § 212(d)(5)(A) arises from distinct statutory authorities and carry different legal consequences. A judicial declaration that DHS should have exercised a different statutory authority does not, standing alone, constitute the Secretary's exercise of the discretionary parole authority under § 212(d)(5)(A). This court concluded that it could not order "Defendants to issue parole where such parole determinations were committed to executive discretion." [ECF 14].

Accordingly, the declaratory relief Plaintiff seeks would not provide the practical relief necessary to accomplish his ultimate objective—obtaining parole status sufficient to satisfy the requirements of the Cuban Adjustment Act. Even if the Court were to declare that DHS improperly relied on § 236 rather than § 212(d)(5)(A), that declaration would not itself confer parole status upon Plaintiff or require the Secretary to exercise the discretionary parole authority. The requested declaration therefore would have no operative effect on Plaintiff's present circumstances. Where a declaration would have no effect on the circumstances currently existing, declaratory relief is

improper. *See Miccosukee Tribe of Indians of Fla. v. United States*, 259 F. Supp. 2d 1245, 1250 (S.D. Fla. 2003). Plaintiff fails to identify any meaningful relief that this Court could afford through the requested declaration because the declaration, standing alone, would not confer the parole status Plaintiff seeks.

The decision in *C.F.C. v. Miami-Dade County*, 349 F. Supp. 3d 1236 (S.D. Fla. 2018) further illustrates this point. There, the plaintiffs expressly sought, among other relief, a declaration concerning the unlawfulness of the Defendants' past conduct. In *C.F.C.*, plaintiffs were re-arrested pursuant to a recent change in policy that required Miami-Dade Corrections & Rehabilitation Department ("MDCR") staff to honor all immigration detainer requests. *See id*. at 1246. This policy reversed Miami-Dade County's previous policy which stated MDCR could honor detainer requests from ICE under certain conditions. *See id*. 1246-1247. The amended complaint requested that the court "[d]eclare that Defendant's detention of the plaintiffs and members of the proposed classes pursuant to ICE's detainer violated their Fourth Amendment right and rights under the Florida Constitution to be free from unreasonable seizure, violated their substantive due process right under the Fourteenth Amendment and under the Florida Constitution to be free from false imprisonment, and constituted unlawful imprisonment under Florida law." *Id.* at 1254. The court concluded that the plaintiffs' request for declaratory relief concerning past conduct would be moot since the declaration would have no continuing effect. *Id.*

The same reasoning applies here. Plaintiff's requested declaration concerns DHS's past decision to release Plaintiff as a Padilla Class Member under § 236 pursuant to the April 5, 2019, preliminary injunction in *Padilla v. U.S. Immigr. & Customs Enf't*, 379 F. Supp. 3d 1170 (W.D. Wash. Apr. 5, 2019), as later modified on July 2, 2019, *Padilla*, 387 F. Supp. 3d 1219, concluding that "it is unconstitutional to deny these class members a bond hearing while they await a final

determination of their asylum request. A declaration that DHS should instead have invoked § 212(d)(5)(A) would not itself alter Plaintiff's current legal status, confer parole, or compel the exercise of the Secretary's discretionary parole authority. Any order from the court declaring that DHS's conduct was unlawful would be nothing more than an advisory opinion because the requested declaration would not provide Plaintiff with any effective or operative relief. *See Miccosukee Tribe of Indians of Florida* 259 F. Supp. 2d at 1245. Therefore, Plaintiff has failed to establish a live controversy warranting declaratory relief and the Amended Complaint should be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint should be dismissed.

Dated: September 15, 2026.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Lair A. Hall*
LAIR A. HALL
ASSISTANT U.S. ATTORNEY
United States Attorney's Office
Southern District of Florida
Florida Bar No. 125018
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5672
Email: lair.hall@usdoj.gov